May it please be caught, my name is Ryan Conan and I represent the United States Army. Plaintiff Appellant, Ronald Brace. Your Honor, this court should reverse the lower decision, lower court decision for several reasons. The first is that this was a summary judgment motion, so the gist of this summary judgment motion is to raise factual issue, not to solve them. Here the lower court saw the factual issue in which sense. My clients, because it was both of them, the driver and the passenger testified that they were at a light, red light stop and the officers were at the other side of the light and they were looking at each other. My client asked two African Americans driving a truck, so they were looking at each other. And then the officers came to check the windshield to see whether or not there was a registration, New York registration or not. And then when we left them green, when we proceeded, that's when the officer made a U-turn and followed them. But you're not suggesting that the officers aren't permitted to make a U-turn and follow people, right? No, I'm not suggesting that. My point, what I'm suggesting is that the officer testified that they were in passing, so they didn't get a good glance at the windshield and they didn't know whether or not there was a registration or not. Now the judge, in making his decision, he adopted the officer's position, which he shouldn't have, because my client stated that they were looking at each other. The judge is saying, oh, they were in passing. And that's what the officer testified to. The officers testified that they saw the windshield had stickers that looked to be New York registration stickers, or stickers consistent with a car registered in New York, right? No, I mean, that's what they testified to, but that is not true. Right, is there any dispute? I mean, so what's the dispute that the officers saw that? Because my client did not have a registration from New York. No, no, these are stickers on the window, right? We're talking about stickers on the windshield of the car. It was an inspection sticker. A New York inspection sticker. Yeah, a New York inspection sticker, which is not against the law, because prior to registration- There was no front license plate, right? Yes, no. Which New York requires. Yes. So there was an inconsistency. I mean, it can be, because it's not against the law. What I'm alluding to is that when you go to DMV, prior to registering a car, they ask you to get an inspection first, whether or not you have out-of-state license plate. So it's not against the law to have an inspection sticker from New York on your windshield, even if there's no front license plate. You're talking about a short period of time before they get a New York license plate, right? Yes, yes. But it's not the usual situation. No, it's not the usual situation. But in any event, when the officer makes a U-turn, then he sees a North Carolina license plate, then he himself testifies that he lost interest in the vehicle. Because now he understands why there was no front license plate. So he has no ground to stop the vehicle anymore because the vehicle, obviously, is registered in North Carolina. But, I mean, the fact that it had New York stickers on the windshield and Carolina plates on the rear would pose some concern that it might be a stolen car. Isn't that what the officer said? Well, that's what he said, that he has no ground to believe that it's a stolen car because there's nothing illegal here. New York law permits to- But that doesn't have to be ultimately illegal. It has to just be a reasonable suspicion that this car might be a stolen car, right? So if the New York stickers go with out-of-state plates, that would suggest a mismatch that is improper, right? No, no, I wouldn't say improper because it's a law. I mean, it's a law that allows it. So how could it be improper for something that the law allows? Well, I mean, this is what the officers were suspicious about, and that's what prompted the stop. They don't have to be right every time. They don't have to ultimately issue a ticket every time. But this was, I mean, just a very brief stop, right? Yes, it was, but the reason for the stop, according to the officer, it was the rear light not functioning right. That's what they said in the interrogatory. So this wasn't even their concern. The mismatch, non-mismatch, wasn't the reason why they stopped the car. It's because of the rear taillight that they said wasn't working properly. No, it's not a subjective test, right? I mean, what it turns on is whether a reasonable officer would have a basis for reasonable suspicion to make a stop. So there seems to be a dispute, I think, as to what was the state of the directional. Is that what you're saying? Yes. But Judge Scullin made an independent finding that the stickers and license plate alone were a basis to stop and question the occupants, didn't he? Yes, it did make that determination, but that's not the reason why my client was stopped, according to the officer. According to the officer, it was because of the taillight that was out, according to the officer. When his partner testified that the light, it wasn't out, it was just blinking fast, but it never stopped. Now, we have the body camera footage. The officer checked all the lights, and they were working properly. There was nothing wrong with the light. So it couldn't be a basis of a stop. And that's why I'm here, to say that we didn't have really probable cause to stop them if it was based on the stop. My taking of this is that the officer saw two African Americans driving a truck, and was suspecting them of having stolen their car. But, again, it's not a subjective test, right? It is an objective test. An objective officer has reasonable suspicion to make a stop. Isn't that what we're really tasked with looking at? Well, that's the test, but for a traffic stop, it has to be probable cause, not reasonable suspicion. When they stop you, for example, that your lights are not working, it's probable cause. The officer needs to have probable cause to stop a car for a traffic violation. Counsel, what was the evidence? This is summary judgment. So what evidence was there that the signal was working properly? Not that it was on, because I think we have three possibilities at least, right? Working as normal, not working at all, or fast blink. So what was the evidence provided to the district court at summary judgment that the light was working fully properly in its normal working order? It's the body camera footage from the officers. And we submitted to this court as well. No, I watched it. Yeah. There's no expert testimony regarding the functioning, but that's what you're relying on for the functioning of the light, is that pass-by of the officer's camera, I think the second officer's camera. Yes, and then the officer, what was reported here is that the lower court judge stated that my client did not come out of the car and check the light. But the officer checked the light for him already. It's in the body camera footage. It doesn't matter whether my client came out and checked the light or not, when it's already done by the officer, and we never issued a traffic violation ticket. And that's also my request also to this court, if this court could follow also Thompson v. Clark, in the sense that when an officer doesn't issue a traffic ticket, it should be at least tantamount to presumption of lack of probable cause or termination in favor, because this has been the basis of violating citizen constitutional rights, where an officer will stop you for no reason at all, and he doesn't issue a ticket. And because he doesn't issue a summons, you have no other ground to go after him, and they keep using it all the time. In this case, that was the issue. They never issued a traffic violation ticket. Right, but, I mean, Jenkins is the case from this court in which, similar in the sense that there was an officer who thought they saw a car with only one license plate, pulled over the car, and then realized, oh, it had a second license plate, and we held that that was a reasonable mistake, and it wasn't then ultimately an improper stop. How is this case different than Jenkins? Well, as you understand it, in Jenkins, the officer made a mistake, as you say. Over here, there was no mistake. We saw the light. It was working. So we cannot say it was a mistake. Well, I'm thinking with respect to the registration. I mean, in other words, if this is a New York car that is a registered car in New York with New York stickers, and it's got only one license plate, and that license plate is an out-of-state license, that would be a basis to ticket somebody, right? Yes, but the car was not registered in New York. Well, it turned out not to be the case, just as in Jenkins. It turned out that there was a second license plate, but a mistake is not fatal to the reasonableness of a stop. It's not, but here, the officer did not admit that they made a mistake. They just believed what they said they did, which was that the light was out when it wasn't in fact. To me, they were looking for a reason to stop this truck, and the way the story unfolded, you could see their intent. It was my suspicion that this car was stolen. And we kept questioning the driver about the truck, where he got it, and the entire story. But not even telling them about the light, or the situation of the light, or anything like that. Not even the special sticker, but just concerned by where they got the truck from. All right. So I see that we've gone over a little bit, but we have your papers, and we will reserve decision. Thank you, Mr. Conant. Thank you, Your Honor. Thank you.